IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HARRISON FRANKLIN,

                Plaintiff,                        ORDER

v.

                                                         18-cv-381-wmc

MICHAEL DITTMAN, et al.,

                Defendants.

In early December 2018, pro se plaintiff Harrison Franklin filed a request for a preliminary injunction and temporary restraining order, claiming that his diabetes and high blood pressure were being inadequately addressed by staff at Columbia Correctional Institution. (Dkt. ##13-14.) The court screened his complaint, allowing Franklin to proceed on claims of deliberate indifference to a serious medical need and retaliation, and scheduled a telephonic hearing on his motion for emergency relief. (*See* dkt. #15.) Following the hearing, the court directed defendants to provide evidentiary submissions and gave plaintiff the opportunity to respond thereto. (Dkt. #16.)

Having reviewed the parties' submissions, defendants are directed to respond to the following questions within fourteen days:

1) What documentation is there showing plaintiff was regularly let out of his cell to go to HSU to check his blood sugar and take his insulin between December 17, 2018 and the mid-January lockdown?

2) What documentation is there showing that plaintiff regularly received his insulin during the lockdown in mid-January?

3) What information, if any, can be gleaned about the adequacy of plaintiff's treatment for and risks from his diabetes from plaintiff's A1c reading of 8.1?

4) What documentation is there showing plaintiff's regular receipt of carvedilol in November 2018?

5) What documentation is there showing plaintiff's regular receipt of gabapentin since December 2018?

6) What video recordings exist of administration of medicine for and monitoring of plaintiff's diabetes, or his related movements before and after such activities since December 17, 2018, and what steps have been taken to preserve that video, if any?

7) What documentation is there relating to or the reasons for plaintiff occasionally missing one dose of Lantus per day as set forth in paragraph 17 of the Labby Declaration?

In responding, defendants should provide the court with any documentation identified and not previously produced, as well as a supporting affidavit identifying any new documents and providing whatever explanation defendants think is necessary or helpful to the court's understanding those documents in context of plaintiff's claims here. At this point, defendants need not provide the videos, if any.

Additionally, plaintiff is directed to maintain a careful, written log of his blood sugar, noting the date, time, and blood sugar reading from his blood glucose meter each time he checks his sugar, as well as a contemporaneous written record of when he receives each of his medications. Plaintiff is to keep and then submit this log to the court at the *end* of February, 2019.

Following review of all of these materials, the court will schedule a preliminary pretrial conference, as well as determine if an evidentiary hearing is necessary to resolve plaintiff's motion for a preliminary injunction.

Finally, while the plaintiff has identified a number of incidents dating back as far as 2014 that may ultimately be relevant for a determination of liability and entry of a permanent injunction, for purposes of plaintiff's request for preliminary relief, the court's

focus will be on his demonstration of an immediate need for intervention, if any, before full adjudication of this case, particularly in light of apparent representations by defense counsel and Columbia Correctional HSU Assistant Manager Angela Hodge that the institution's switch to electronic medical records have made medication refills automatic.

Entered this 5th day of February, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge