IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HARRISON FRANKLIN,

                Plaintiff,                  OPINION AND ORDER

v.

                                        18-cv-381-wmc

MICHAEL DITTMAN, et al.,

                Defendants.

*Pro se* plaintiff Harrison Franklin, a prisoner at Waupun Correctional Institution, is proceeding on an Eighth Amendment deliberate indifference claim and a retaliation claim against defendant Tim Dieters based on events that allegedly took place while plaintiff was housed at Columbia Correctional Institution. (Dkt. #15.) In December 2020, the state defendants were dismissed. (Dkt. #169.) Plaintiff has filed several motions with the court that this opinion resolves:

*First*, plaintiff's motion for assistance in recruiting counsel will be denied without prejudice. (Dkt. #128.) Plaintiff's ability to timely submit his materials in response to Dieters' as well as the state defendants' motions for summary judgment, in addition to plaintiff's subsequent filings, demonstrate that he has exceptional familiarity with the details of his medical conditions and care, as well as the nature of his assorted claims. As of now, the legal and factual demands of this lawsuit clearly do not exceed his abilities to represent himself further. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

*Second*, and relatedly, plaintiff's motion for the appointment of an expert witness to explain the "cause and effect of specific medications" at trial will also be denied without prejudice. (Dkt. #131 at 1.) Dieters' motion for summary judgment is fully briefed and

under advisement with the court, and it has therefore not yet been determined whether plaintiff will proceed to trial on either remaining claim. Moreover, the law governing plaintiff's remaining claims is well established, and it is not clear yet whether this case will turn on questions requiring medical expertise. *See Redman v. Doehling*, 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence"). Indeed, plaintiff's claims relate to the remaining defendant's alleged outright failure to provide treatment or medical care, and alleged retaliation, which does not involve analysis of complex medical issues. If plaintiff proceeds to trial on any of his claims, he may renew his request for assistance recruiting counsel and for the appointment of an expert witness.

*Third*, plaintiff requests a hearing, alleging that he is being denied carbon and typing paper and unspecified defendants have stopped giving him a snack bag at night, and indicating that he wants to oppose the state defendants' motion to amend their answer. (Dkt. #134.) These events were apparently taking place while plaintiff was incarcerated at New Lisbon Correctional Institution. (Dkt. #134 at 2.) That plaintiff was able to timely submit his summary judgment materials and has since submitted additional filings indicates that he no longer has difficulty obtaining paper. Regardless, the state defendants have since been dismissed from this lawsuit, this motion does not implicate Dieters, and plaintiff is now incarcerated at a different institution. Accordingly, this motion will be denied as moot.

*Fourth*, and finally, plaintiff moves for sanctions. (Dkt. #177.) However, plaintiff complains of many alleged events and issues unrelated to his specific claims against Dieters

and that do not appear to involve this defendant. For example, plaintiff alleges that unspecified defendants took his orthopedic inserts and medical shoes. (Dkt. #177 at 2.) Moreover, he alleges that after settling with the state defendants, he was placed in maximum security, a custody level that will allegedly disadvantage him before the parole board and result in his placement in facilities he is not supposed to be housed in. (Dkt. #177 at 1-2.) Relatedly, plaintiff also appears to suggest that he has not received proper sentence credit against his sentence. (Dkt. #177 at 2.) To the extent plaintiff is alleging new violations of his constitutional rights, he may raise such allegations in a new lawsuit, assuming he has fully exhausted his administrative remedies with respect to any new claims. *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies before filing suit."). As for his allegation that he was denied access to certain legal materials during his deposition in this case, plaintiff does not explain how this disadvantaged him in this lawsuit, or specifically in opposing the Dieters' motion for summary judgment. Accordingly, this motion will be denied.

ORDER

IT IS ORDERED that:

1) Plaintiff Harrison Franklin's motion for assistance in recruiting counsel and to appoint a medical expert witness (dkt. ##128, 131) are DENIED without prejudice.

2) Plaintiff's motion for an emergency hearing (dkt. #134) is DENIED as moot.

3) Plaintiff's motion for sanctions (dkt. #177) is DENIED.

Entered this 23rd day of September, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge